**Paul Christopher HAMILTON, Plaintiff—Appellee,**

v.

**Sergeant D. JACKSON; K. Wood, Correctional Officers, Defendants—Appellants.**

No. 02–56024.

D.C. No. CV–97–08979–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2003.*

Decided March 18, 2003.

Before PREGERSON and THOMAS, Circuit Judges, and OBERDORFER, District Judge.**

MEMORANDUM ***

California prison officials, Correctional Sergeant D. Jackson ("Jackson") and Correctional Officer K. Woods ("Woods"), appeal the district court's order denying their motion for summary judgment based on their belief that they are entitled to qualified immunity. Inmate Paul Christopher Hamilton ("Hamilton") in pro se brought suit under 42 U.S.C. § 1983 against Jackson and Woods, alleging that Jackson and Woods were deliberately indifferent to his serious medical need in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001) (per curiam) ("Although the denial of summary judgment is not ordinarily an appealable order, we have jurisdiction to consider an interlocutory appeal when, as here, the ground for the motion is qualified immunity."). We remand.

The district court, relying on *Hamilton v. Endell,* 981 F.2d 1062 (9th Cir.1992), held that because there was a genuine issue of fact as to deliberate indifference, defendants were not entitled to summary judgment based on qualified immunity. But *Estate of Ford v. Ramirez–Palmer,* 301 F.3d 1043 (9th Cir.2002), decided after the district court's ruling in this case, held that after *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), qualified immunity cannot be denied in an Eighth Amendment case solely because there is a triable issue of fact as to whether a prison official was deliberately indifferent to an inmate's safety. *Estate of Ford,* 301 F.3d at 1045. Instead, courts must apply *Saucier'* s two-step qualified immunity inquiry to Eighth Amendment cases. *Id.* In light of our recent decision in *Estate of Ford,* we remand to the district court to conduct a *Saucier* analysis.

REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.